IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., as receiver of Citizens Bank and Trust Co. of Chicago,<br><br>Plaintiff,<br><br>vs.<br><br>BELONGIA SHAPIRO & FRANKLIN, LLP,<br><br>Defendant. | Case No. 12 C 2889 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Federal Deposit Insurance Corporation (FDIC), in its capacity as receiver for a failed bank, Citizens Bank and Trust Company of Chicago (Citizens), has petitioned the Court to enforce an administrative subpoena issued to a law firm that represented the bank, Belongia, Shapiro & Franklin, LLP (BSF). For the reasons stated below, the Court grants the FDIC's petition in part and denies it in part.

## Facts

In April 2010, the Illinois Department of Financial and Professional Regulation closed Citizens after determining that the bank was operating in an unsafe and unsound condition due to its poor asset quality and weak management. The FDIC was then appointed as receiver of Citizens. As receiver, the FDIC is authorized to take over the failed institution's assets, preserve and conserve those assets, and collect any money due to the institution. 12 U.S.C. § 1821(d)(2)(B)(i). In conjunction with the agency's

authority as receiver to marshal the failed institution's assets, it has the power to issue administrative subpoenas. 12 U.S.C § 1821(d)(2)(I)(i).

In its capacity as receiver, the FDIC initiated an investigation into possible wrongdoing by professionals that provided legal services to Citizens, including BSF. In particular, the FDIC is investigating legal opinions in which BSF advised the bank to indemnify or pay the legal fees of Citizens personnel in three lawsuits. The three lawsuits are: *Jennifer Farafas v. Citizens Bank & Trust Co.* ("*Farafas*"); *Stephen P. Koppel v. Citizens Bank & Trust Co.* ("*Koppel*"); and *In the Matter of Robert Michael, George Michael, individually and as institution affiliated parties of Citizens Bank and Trust Co.* ("*In re Michael*"). Citizens relied on BSF's legal advice and ended up paying almost $1 million in connection with the lawsuits.

The *Farafas* and *Koppel* matters were lawsuits against Citizens and certain of its directors. In those matters, BSF provided legal advice to Citizens as an institution. *In re Michael* was an administrative enforcement action by the FDIC in which it alleged that Robert and George Michael, who were directors of Citizens, had participated in unsound banking practices and sought to remove them from banking and impose civil fines upon them. In that matter, BSF is alleged to have initially advised Citizens on the issue of the Michaels' legal fees. About a year later, BSF represented Robert and George Michael in seeking reconsideration of an administrative law judge's recommendation to impose civil fines and remove them from banking.

The FDIC issued a subpoena *duces tecum* to BSF in September 2011 for all documents and communications in its possession related to the *Farafas, Koppel,* and *In re Michael* cases. Specifically, the FDIC requested: 1) professional liability insurance

policies that may have been in effect for BSF's benefit from January 1, 2000 to the present; 2) documents sufficient to identify all claims filed or payments received under any such insurance policy; 3) pleadings filed in administrative or judicial forums against BSF; 4) documents referring or relating to the expectation of indemnification for any potential liability with respect to BSF's activities at Citizens Bank; 5) copies of all litigation or settlement documents to which BSF is now or has been a party; 6) all documents and communications concerning the *Farafas* lawsuit; 7) all documents and communications concerning the *Koppel* lawsuit, and 8) all documents and communications concerning the *In re Michael* proceeding. In requests 9-13, the FDIC asked for all communications to or from Citizens Bank, Robert Michael, George Michael, Nicholas Tanglis (another director of Citizens), and BSF concerning the lawsuits referenced in requests 6-8. The FDIC has made clear in its filings in the present matter that it is primarily concerned with the opinion letters that BSF issued in connection with the three lawsuits and with documents and communications pertaining to those opinion letters.

In response to the FDIC's subpoena, BSF produced a letter containing BSF's legal opinion that Citizens should indemnify all Board members involved in the *Farafas* case and documents related to the firm's representation of Citizens and Robert Michael in the *Koppel* case. BSF also produced pleadings, correspondence, and research materials pertaining to *Farafas*, as well as pleadings, discovery documents, invoices/receipts, notes, corporate information, and research materials pertaining to *Koppel*. BSF asserted the attorney-client privilege over most of the documents related to *In re Michael*.

In conjunction with the filing of its response brief in the present subpoena enforcement proceeding, BSF produced additional documents. These include e-mails and attachments pertaining to the *Farafas* and *Koppel* cases. BSF also produced some documents concerning *In re Michael* that it says are not subject to the work product or attorney-client privileges. In addition, BSF provided a privilege log for e-mails and attachments pertaining to *In re Michael* that BSF contends are subject to the work product and/or attorney-client privilege.

BSF concedes that the FDIC now "stands in the shoes" of Citizens Bank and thus holds all the rights and privileges that belonged to the bank previously, including the bank's attorney-client privilege relating to its communications with BSF. BSF contends, however, that it is still entitled to withhold documents that are subject to the Michaels' attorney-client privilege.

BSF maintains that it has now produced all responsive documents concerning the *Farafas* and *Koppel* matters and that it has appropriately withheld as privileged documents regarding *In re Michael*. The FDIC contends that BSF's document production is not complete. First, the FDIC points out that aside from the production of a single insurance policy, BSF did not address requests 1 through 5 in the subpoena. Second, the FDIC says that the documents BSF has produced concerning *Farafas* and *Koppel* consist mostly of "court pleadings and documents previously provided to the FDIC" (Pl.'s Reply at 4) and that BSF has not produced documents that were created in connection with the legal opinions that the FDIC has targeted. The FDIC notes in particular that documents such as drafts of the legal opinions, research memoranda on the issue of indemnification of bank directors, related correspondence, and attorney

4

notes and analysis are missing from the records BSF has produced. The FDIC also says that BSF has produced no documents and communications related to the legal opinion it issued to Citizens in connection with *In re Michael* (indeed, BSF appears not to even acknowledge that it issued an opinion regarding that matter). Finally, the FDIC argues that the attorney-client privilege does not apply to documents relating to *In re Michael* because of the joint-client exception and the common-interest doctrine. In its reply, the FDIC asks the Court to: (a) order BSF to produce all documents responsive to requests 1 through 5; (b) order BSF to produce all documents responsive to requests 6 through 8 or certify that it has already done so; and (c) if the Court determines the Michaels' attorney-client privilege applies, make a finding that the privilege log provided by BSF is improper.

**Discussion**

**1.      Requests 1 through 5**

BSF did not address items 1 through 5 in its response brief. It has provided only a single document to the FDIC in response to these requests, namely a single malpractice insurance policy. It is conceivable that this is the only document that BSF has that is responsive to these requests. If so, however, BSF must certify that is the case. The Court directs BSF to comply in full with requests 1 through 5 or certify that it has already done so.

**2.      Requests 6 and 7**

It appears to the Court that BSF's production of documents concerning the *Farafas* and *Koppel* matters may be incomplete. The primary focus of this aspect of the FDIC's subpoena consists of the legal opinions that BSF provided to Citizens in

5

connection with these two cases.  BSF has conceded that the FDIC holds the bank's attorney-client privilege with respect to the opinions that it issued in these three matters.  But although BSF emphasizes the quantity of documents it produced in response to requests 6 and 7, it does not address the fact that it has produced no communications, memos, or research relating to the preparation of the firm's indemnification opinions.  Nor does BSF address the FDIC's request for a certification.

Given this record, the Court can only conclude that further steps are required to make certain that BSF has produced all documents it has that are responsive to requests 6 and 7, including the related communications covered by requests 9 through 13.  The Court therefore directs BSF to produce all documents responsive to these requests, or if no additional documents exist, to certify that it has produced everything it has that is responsive to these requests.

**3.    Request 8**

   **a.    The February 2009 legal opinion issued to Citizens**

BSF likewise has failed to address the FDIC's claim of incomplete production of documents relating to the law firm's opinion letter regarding payment of the legal fees for the Michaels in the *In re Michael* matter.  Indeed, as the Court noted earlier, BSF does not appear to acknowledge that it issued a legal opinion concerning *In re Michael*.

The FDIC contends that BSF issued the legal opinion concerning *In re Michael* in February 2009.  Based on the record before the Court, at that time, BSF was representing Citizens, not the individual officers.  Thus any attorney-client or work-product privilege that might have applied now belongs at this point to the FDIC, just as is the case with regard to the *Farafas* and *Koppel* opinion letters.  For this reason, the

Court orders BSF to produce all documents related to this legal opinion, including the related communications detailed in requests 9 through 13.

### b. Documents relating to BSF's representation of the Michaels

As indicated earlier, *In re Michael* was an administrative enforcement action by the FDIC in which it alleged that the Michaels had participated in unsound practices at Citizens Bank, breached fiduciary duties to the bank, and disregarded the safety and soundness of the bank. As indicated above, it appears that BSF initially gave legal advice to Citizens, in February 2009, to pay the Michaels' legal fees up to the amount of $200,000. About a year later, in February 2010, BSF represented the Michaels on a request to reconsider an administrative decision that was adverse to them. BSF has asserted the work product and attorney-client privileges in connection with its work representing the Michaels, contending that because the firm did not represent Citizens, there is no corporate attorney-client privilege for the FDIC now to hold.

The FDIC argues in its reply brief that it is entitled to documents regarding BSF's 2010 representation of the Michaels based on the joint-client exception to the attorney-client privilege and the common interest doctrine. The joint-client exception applies when a lawyer represents multiple clients who have a common interest, where there were sufficient connections between the law firm and the third party in the course of representation to give rise to the belief of joint representation. *See FDIC v. Ogden Corp.*, 202 F.3d 454, 461 (1st Cir. 2000) (Massachusetts law). The common interest exception applies when an attorney acts for the common legal goals of two parties, even if only one party has a formal representation agreement with the attorney. *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 144 Ill. 2d 178, 193-95, 579 N.E.2d 322, 328-

29 (1991); *Dexia Credit Local v. Rogan*, 231 F.R.D. 287, 294-95 (N.D. Ill. 2005) (Illinois law). In both of these situations, the privilege falls away when there is a dispute between the two clients or the two parties with common interests that is within the scope of the attorney's representation. *See, e.g., Dexia Credit Local*, 231 F.R.D. at 295.

The FDIC has failed to establish the applicability of either exception. There is no indication that BSF concurrently represented Citizens and the Michaels in the *In re Michaels* matter. Rather, the record reflects that after BSF issued its legal opinion to Citizens in February 2009 regarding payment of the Michaels' legal fees, another law firm represented the Michaels in the administrative proceeding. BSF did not get involved again until a year later, and at that point it represented only the two individuals – the bank does not appear to have been a party to the administrative proceeding. The FDIC cites no authority to support the proposition that the joint-client or common interest exceptions apply when a lawyer represents two clients not concurrently, but *seriatim*.

The FDIC appears to contend that Citizens' payment of the Michaels' legal fees in the *In re Michaels* matter somehow entitles Citizens (and now the FDIC) to invade the Michaels' attorney-client privilege in that proceeding. The FDIC cites no authority for this proposition. Arrangements in which a corporation indemnifies officers and other personnel for legal fees are relatively common – as are arrangements in which, for example, one relative pays another relative's legal fees. There is no basis to conclude that payment of legal fees alone – which is all the FDIC has shown – entitles the payor to be privy to the client's communications with his lawyer. The fact that Citizens might have been persuaded that it was in its interest to pay the Michaels' fees, or that the

Michaels had been acting (in the underlying matters) in the bank's interest, does not change this.

The Michaels' privileges extend, however, only to communications during the course of their attorney-client relationship with BSF in connection with the *In re Michaels* matter, which BSF says did not begin until February 2010. For this reason, the communications that BSF has identified on its privilege log that predate its representation of the individuals are not subject to their attorney-client or work product privileges and therefore must be produced.

Finally, the Court rejects the FDIC's contention that BSF's privilege log does not provide adequate descriptions of the documents to establish the applicability of the privileges that BSF cites. The Court has reviewed the log, which is attached to the FDIC's reply as Exhibit 4. The Court finds the descriptions listed there sufficient with respect to the documents that the Court has concluded BSF may withhold – specifically, the documents relating to its representation of the Michaels as individuals in connection with the motion for reconsideration in the *In re Michaels* administrative matter.

**Conclusion**

For the reasons stated above, the Court grants the FDIC's petition to enforce the subpoena in part and denies it in part. Respondent is directed to do the following within twenty-one days of this order:

(a) produce all documents responsive to requests 1 through 5 of the subpoena or certify that it has already done so;

(b) produce all documents responsive to requests 6 and 7 of the subpoena and requests 9 through 13 to the extent they relate to requests 6 and 7, or certify that it has already done so; and

(c) with regard to request 8 of the subpoena, produce all documents responsive to the request relating to any legal opinion that respondent issued to Citizens Bank concerning indemnification of the individual respondents in *In re Michaels*, as well as documents responsive to requests 9 through 13 to the extent they relate to that opinion.

The Court otherwise denies the FDIC's petition.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 19, 2012